# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINA
## LYNCHBURG DIVISION

In re:

        SHIRLIE ANN COFIELD-STARKS AND LEWIS JOSEPH STARKS,

Address:

        Debtor(s).

U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust,
        Plaintiff,

v.

SHIRLIE ANN COFIELD-STARKS AND LEWIS JOSEPH STARKS,
Debtor(s)
WILLIAM E CALLAHAN(76), JR, Trustee

    Defendants.

CASE NO: 15-60209

CHAPTER 7

## NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, a creditor in this case, has filed papers with the court to obtain relief from the automatic stay of the Bankruptcy Code with regard to certain property more particularly described in those papers which are attached.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant this creditor relief from the provisions of the automatic stay of the Bankruptcy Code, or if you want the Court to consider your views on the Motion for relief from the automatic stay, then fourteen (14) days from the date of service of this motion, you or your attorney must:

- File a written response explaining your position with the Court and serve a copy on the Movant. If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the fourteen (14) day period.

- Attend the preliminary hearing scheduled to be held on April 20, 2015 at 2:00 pm at the United States Courthouse, Court Room 200, 255 W. Main St., Charlottesville, VA 22902.

If no timely response has been filed opposing the relief requested, the Court may grant the relief requested in the Motion from Relief from Stay.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sough in the Motion for Relief from Automatic Stay and may enter an Order granting the relief.

Date: <u>February 27, 2015</u>     Signature:    <u>s/T. Jackson Stewart</u>
                                    Name:        T. Jackson Stewart, VSB# 48412
                                                 Brock & Scott, PLLC
                                                 484 Viking Dr. Ste 110
                                                 Virginia Beach, VA 23452

## CERTIFICATE OF SERVICE

I hereby certify that on <u>February 27, 2015,</u> a true copy of the foregoing Notice of Motion for Relief from the Automatic Stay was submitted for electronic transmittal or mailed, first class, postage prepaid to:

William E Callahan(76), Jr
1800 Wells Fargo Tower
Drawer 1200
Roanoke, VA 24006


Lewis Joseph Starks
Shirlie Ann Cofield-Starks
8811 Pocket Lane
Esmont, VA 22937


Pro Se

s/ T. Jackson Stewart
T. Jackson Stewart, VSB# 48412
Brock & Scott, PLLC
484 Viking Dr., Ste 110
Virginia Beach, VA 23452

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| In re: | CASE NO: 15-60209 |
|     SHIRLIE ANN COFIELD-<br>    STARKS AND LEWIS JOSEPH<br>    STARKS, | CHAPTER 7 |
| Address: | |
|     Debtor(s). | |
| U.S. Bank Trust, N.A., as Trustee for LSF8<br>Master Participation Trust,<br>    Plaintiff, | |
| v. | |
| SHIRLIE ANN COFIELD-STARKS AND<br>LEWIS JOSEPH STARKS,<br>Debtor(s)<br>WILLIAM E CALLAHAN(76), JR, Trustee | |
|     Defendants. | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE REBECCA B. CONNELLY:

    Your Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, respectfully represents as follows:

1.   That this is a core proceeding within the meaning of the Bankruptcy Code and Rules.

2.   That on February 10, 2015, the above-named Debtors filed a Petition in this Court.

3.   That William E Callahan(76), Jr was appointed Trustee of the property, has qualified and is now acting.

4.   That at the time of the filing of the Debtor's petition herein, the Debtor had an ownership

interest in certain real property and improvements having a street address of 8811 Pocket Lane, Esmont, VA 22937, located in the County of Albemarle, Virginia, and more particularly described as follows:

> ALL THAT CERTAIN LOT OR PARCEL OF LAND, WITH IMPROVEMENTS THEREON AND APPURTENANCES THERETO BELONGING, LOCATED IN THE COUNTY OF ALBEMARIE, VIRGINIA, CONTAINING 2.106 ACRES, MORE OR LESS, AND MORE PARTICULARLY SHOWN AND DESCRIBED AS PARCEL E ON PLAT OF ROBERT L. LUM, CLS, DATED MAY 30, 1995, WHICH PLAT IS ATTACHED TO AND MADE A PART OF THIS DEED, TOGETHER WITH, AND AS AN APPURTENANCE THEREON, A NON-ECLUSIVE EASEMENT OF RIGHT-OF-WAY, 30' IN WIDTH, RUNNING FROM THE NORTHERLY BOUNDARY OF SAID PARCEL E IN A NORTHEASTERLY DIRECTION OVER AND ACROSS THE RESIDUE OF GRANTOR'S PROPERTY TO THE NORTHERLY BOUNDARY THEREOF, AND THENCE, IN A GENERALLY NORTHERLY DIRECTION FROM SAID NORTHERLY BOUNDARY APPROXIMATELY 140' TO STATE ROUTE 703, THE LOCATION OF WHICH EASEMENT OF RIGHT-OF-WAY IS DESCRIBED BY METES AND BOUNDS ON PLAT OF RECORD IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF SAID COUNTY IN DEED BOOK 644, PAGE 357, THE PORTION OF SAID PARCEL E DESIGNATED AS 'B' BEING A PORTION OF THE PROPERY CONVEYED TO LEWIS JOSEPH STARKS (ALSO KNOWN AS LEWIS J. STARKS) BY DEED OF JOHN RUSH,

WIDOWER, DATED NOVEMBER 16, 1942, AND OF RECORD IN SAID CLERK'S OFFICE IN DEED BOOK 255, PAGE 531, AND THE REMAINDER OF SAID PARCEL E BEING A PORTION OF THE 35 ACRE PARCEL OF PROPERTY CONVEYED TO FLORA RUSH BY DEED OF FANNIE MARTIN AND OTHERS, DATED FEBRUARY 15, 1903, AND OF RECORD IN SAID CLERK'S OFFICE IN DEED BOOK 127, PAGE 34; AND BEING THE SAME PROPERTY IN ALL RESPECTS CONVEYED TO THE LEWIS J. STARKS, JR. BY DEED OF GIFT FROM MARY V. STARKS, A WIDOW, DATED NOVEMBER 2, 1995, AND RECORDED NOVEMBER 15, 1995 IN THE CLERKS OFFICE FOR THE CIRCUIT COURT OF ALBEMARLE COUNTY. VIRGINIA IN DEED BOOK1503, PAGE 579. TAX MAP OR PARCEL ID NO.: 12B-25E

THE LENDER HEREBY CERTIFIES THIS TO BE A REFINANCE OF AN EXISTING LIEN WITH THE SAME LENDER RECORDED IN DEED BOOK 2709, AT PAGE 583, UPON WHICH RECORDATION TAX HAS BEEN PAID; THE ORIGINAL DEBT ON SAID OBLIGATION IS $160157.04. EXEMPTION FROM RECORDATION TAX UPON THE UNPAID PORTION OF THE ORIGINAL OBLIGATION IS HEREBY CLAIMED UNDER SECTION 58. 1-803(D) OF THE 1950 CODE OF VIRGINIA.

5. That the Plaintiff is the holder of a Note dated March 9, 2005, in the original principal amount of $176,101.39 with interest thereon from said date at the rate of 8.385% per anum, secured by a Deed of Trust on said real property and improvements recorded in the Clerk's

Office of the Circuit Court of the County of Albemarle, Virginia, on which there is an

approximate payoff balance of $204,301.18. True copies of the Note and Deed of Trust are

attached hereto and incorporated by reference as Exhibits "A" and "B", respectively.

6.   That the Debtor has defaulted in the payments due to Plaintiff relative to the aforementioned

Note.

7.   The Debtor has defaulted in the mortgage payments to be made pursuant to the Note.  Upon

information and belief, the amount of default, exclusive of fees and costs, is as follows:

| 36 | payments @ (3/12 - 2/15) | $ | 1,515.44 | $ | 54,555.84 |
|----|--------------------------|---|----------|---|-----------|
|    | **Total Delinquency**    |   |          | **$** | **54,555.84** |

8.   That in the event the Plaintiff is granted relief from stay hereunder, the Plaintiff, its agents

and/or representatives, requests that the Order granting said relief allow the Plaintiff, its

agents and/or representatives, to send communications, as necessary, to the Debtor,

including, but not limited to, notices required by applicable state law in connection with

applicable State Court foreclosure or other proceedings incident to the aforesaid real property

and improvements including and proceedings necessary to recover possession of same from

the Debtors.

9.   That the facts hereinabove alleged constitute cause for a grant of stay relief in favor of the

Plaintiff pursuant to the provisions of 11 USC §362(d).

WHEREFORE, Plaintiff prays that it be granted relief from the provisions of the automatic stay of

the Bankruptcy Code with regard to the above-described real property and improvements including

any act necessary to recover possession of same from the Debtor and that the stay of such grant of

relief imposed pursuant to the provisions of Rule 4001(a)(3) of the Bankruptcy Rules be waived.

U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust
By: s/T. Jackson Stewart
Of Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2015, a true copy of the foregoing Motion for Relief from the Automatic Stay was submitted for electronic transmittal or mailed, first class, postage prepaid to:

William E Callahan(76), Jr
1800 Wells Fargo Tower
Drawer 1200
Roanoke, VA 24006


Lewis Joseph Starks
Shirlie Ann Cofield-Starks
8811 Pocket Lane
Esmont, VA 22937


Pro Se

<u>s/ T. Jackson Stewart</u>
T. Jackson Stewart, VSB# 48412
Brock & Scott, PLLC
484 Viking Dr., Ste 110
Virginia Beach, VA 23452

EXHIBIT "A"

## DEED OF TRUST

☐ If this box is checked, this Deed of Trust secures future advances.

THIS DEED OF TRUST is made this ___9TH___ day of ___MARCH___, 20 05, among the Grantor(s),
LEWIS J. STARKS AND SHIRLIE A. STARKS, HUSBAND AND WIFE, T/B/E/R/S

(herein "Borrower"), ALONZO D. ROBINSON

5262 OAKLAWN BLVD., HOPEWELL, VA 23860
as Trustee (any one of whom may act and who are referred to herein as "Trustee"), and the Beneficiary,
BENEFICIAL MORTGAGE CO. OF VIRGINIA
a corporation organized and existing under the laws of ___DELAWARE___     whose address is
460 SHOPPERS WORLD CT, SHOPPERS WORLD, CHARLOTTESVIL, VA  22901
(herein "Lender").

The following paragraph preceded by a checked box is applicable.

☒ WHEREAS, Borrower is indebted to Lender in the principal sum of $     176,101.39     ,
evidenced by Borrower's Loan Agreement dated MARCH 9, 2005     and any extensions or
renewals thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing
for monthly installments of principal and interest, including any adjustments to the amount of payments or
the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and
payable on MARCH 9, 2025     ;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $ _____ ,
or so much thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated
_____ and extensions and renewals thereof (herein "Note"), providing for monthly
installments, and interest at the rate and under the terms specified in the Note, including any adjustments
in the interest rate if that rate is variable, and providing for a credit limit stated in the principal sum
above with initial advance of $ _____ ;

TO SECURE to Lender the repayment of the indebtedness, including future advances, evidenced by
the Note, with interest thereon at the applicable contract rate (including any adjustments to the amount of
payment or the contract rate if that rate is variable) and other charges; the payment of all other sums, with
interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the
performance of the covenants and agreements of Borrower herein contained, Borrower, in consideration
of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in
trust with power of sale, the following described property located in the _____
ALBEMARLE     State of Virginia:

```
ALL THAT CERTAIN LOT OR PARCEL OF LAND, WITH IMPROVEMENTS
THEREON AND APPURTENANCES THERETO BELONGING, LOCATED IN THE
COUNTY OF ALBEMARLE, VIRGINIA, CONTAINING 2.106 ACRES, MORE
OR LESS, AND MORE PARTICULARLY SHOWN AND DESCRIBED AS PARCEL
E ON PLAT OF ROBERT L. LUM, CLS, DATED MAY 30, 1995, WHICH
PLAT IS ATTACHED TO AND MADE A PART OF THIS DEED, TOGETHER
WITH, AND AS AN APPURTENANCE THEREON, A NON-EXLUSIVE
EASEMENT OF RIGHT-OF-WAY, 30' IN WIDTH, RUNNING FROM THE
NORTHERLY BOUNDARY OF SAID PARCEL E IN A NORTHEASTERLY
DIRECTION OVER AND ACROSS THE RESIDUE OF GRANTOR'S PROPERTY
TO THE NORTHERLY BOUNDARY THEREOF, AND THENCE, IN A
GENERALLY NORTHERLY DIRECTION FROM SAID NORTHERLY BOUNDARY
APPROXIMATELY 140' TO STATE ROUTE 703, THE LOCATION OF WHICH
EASEMENT OF RIGHT-OF-WAY IS DESCRIBED BY METES AND BOUNDS ON
PLAT OF RECORD IN THE OFFICE OF THE CLERK OF THE CIRCUIT
COURT OF SAID COUNTY IN DEED BOOK 644, PAGE 357, THE PORTION
OF SAID PARCEL E DESIGNATED AS 'B' BEING A PORTION OF THE
PROPERTY CONVEYED TO LEWIS JOSEPH STARKS (ALSO KNOWN AS
LEWIS J. STARKS) BY DEED OF JOHN RUSH, WIDOWER, DATED
```

CONTINUED ON EXHIBIT A-LEGAL DESCRIPTION
This instrument was prepared by: Beneficial Mortgage Co. of Virginia.

(Page 2 of 6)

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property;"

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note, including any variations resulting from changes in the Contract Rate, and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law and only if requested in writing by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law or the Note provide otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable at the applicable Contract Rate and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

10-24-03
DOT

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the applicable Contract Rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower and all other parties who are or who hereafter may become secondarily liable shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall apply except where such laws conflict with Federal law, in which case Federal law applies. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of

10-24-03
DOT

Trust at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, (d) the creation of a purchase money security interest for household appliances, (e) a transfer to a relative resulting from the death of the Borrower, (f) a transfer where the spouse or children of the Borrower become an owner of the property, (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Borrower becomes an owner of the property, (h) a transfer into an inter vivos trust in which the Borrower is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the property, or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing. If Lender does not agree to such sale or transfer, Lender may declare all of the sums secured by this Deed of Trust to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall deliver or mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, or as otherwise required by law, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender or Trustee shall give to Borrower (and the owner of the Property, if a different person) notice of sale in the manner prescribed by applicable law. Trustee shall give public notice of sale by advertising, in accordance with applicable law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which the Property or some portion thereof is located, and by such additional or different form of advertisement as the Trustee may deem advisable, if any. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later than 30 days following the last advertisement. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine.

Trustee may postpone sale of all or any parcel of the property by advertising in accordance with applicable law. Lender or Lender's designee may purchase the Property at any sale. Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold with special warranty of title. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, Trustee's fees,reasonable attorney's fees and costs of title evidence; (b) to the discharge of all taxes, levies and assessments on the Property, if any, as provided by applicable law; (c) to all sums secured by this Deed of Trust; and (d) the excess, if any, to the person or persons legally entitled thereto. Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at such sale.

(Page 5 of 6)

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to release this Deed of Trust and shall surrender all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall release this Deed of Trust.

21. **Substitute Trustee.** Lender may from time to time in Lender's descretion remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. **Identification of Note.** The note is identified by a certificate on the Note executed by any Notary Public who certifies an acknowledgement hereto.

23. **Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

10-24-03
DOT

### REQUEST FOR NOTICE OF DEFAULT
———— AND FORECLOSURE UNDER SUPERIOR ————
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or foreclosure action.

**IN WITNESS WHEREOF,** Borrower has executed and sealed this Deed of Trust.

_____ (SEAL)
LEWIS J. STARKS                    -Borrower

_____ (SEAL)
SHIRLIE A. STARKS                  -Borrower

STATE OF VIRGINIA, ___COUNTY___ of ___ALBEMARLE___ ss:

On this __9TH__ day of __MARCH__ , 20__05__ , before me personally appeared LEWIS J. STARKS AND SHIRLIE A. STARKS, HUSBAND AND WIFE* , known to me (or satisfactorily proven) to be the person described in and who executed the foregoing instrument, and acknowledged that ____THEY____ executed the same as ____THEIR____ free act and deed.
(he/she/they)                    (his/her/their)

My commission Expires:                ___Jan Seabaugh___
July 31, 2007                          (Notary Public)
                                       JAN SEABAUGH

STATE OF VIRGINIA, _____ of _____ ss:

On this _____ day of _____ , 20 _____ , before me personally appeared _____ , known to me (or satisfactorily proven) to be the person described in and who executed the foregoing instrument, and acknowledged that _____ executed the same as _____ free act and deed.
(he/she/they)                    (his/her/their)

My commission Expires:

_____
(Notary Public)

* T/B/E/R/S

———————— (Space Below This Line Reserved For Lender and Recorder) ————————

Return To:
Household Realty Corporation
577 Lamont Road
Elmhurst, IL 60126

NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

10-24-03
DOT

EXHIBIT A (PAGE 1)

NOVEMBER 16, 1942, AND OF RECORD IN SAID CLERK'S OFFICE IN
DEED BOOK 255, PAGE 531, AND THE REMAINDER OF SAID PARCEL E
BEING A PORTION OF THE 35 ACRE PARCEL OF PROPERTY CONVEYED
TO FLORA RUSH BY DEED OF FANNIE MARTIN AND OTHERS, DATED
FEBRUARY 15, 1903, AND OF RECORD IN SAID CLERK'S OFFICE IN
DEED BOOK 127, PAGE 34; AND BEING THE SAME PROPERTY IN ALL
RESPECTS CONVEYED TO THE LEWIS J. STARKS, JR. BY DEED OF
GIFT FROM MARY V. STARKS, A WIDOW, DATED NOVEMBER 2, 1995,
AND RECORDED NOVEMBER 16, 1995 IN THE CLERKS OFFICE FOR THE
CIRCUIT COURT OF ALBEMARLE COUNTY, VIRGINIA IN DEED BOOK
1503, PAGE 579.   TAX MAP OR PARCEL ID NO.: 128-25E

THE LENDER HEREBY CERTIFIES THIS TO BE A REFINANCE OF AN
EXISTING LIEN WITH THE SAME LENDER RECORDED IN DEED BOOK
2709, AT PAGE 583, UPON WHICH RECORDATION TAX HAS BEEN PAID;
THE ORIGINAL DEBT ON SAID OBLIGATION IS $160157.04.
EXEMPTION FROM RECORDATION TAX UPON THE UNPAID PORTION OF
THE ORIGINAL OBLIGATION IS HEREBY CLAIMED UNDER SECTION
58.1-803(D) OF THE 1950 CODE OF VIRGINIA.

RECORDED IN CLERKS OFFICE OF
ALBEMARLE ON
March 14,2005 AT 12:43:44 PM
$0.00 GRANTOR TAX PD
AS REQUIRED BY VA CODE §58.1-802
STATE: $0.00 LOCAL: $0.00
ALBEMARLE COUNTY, VA
SHELBY MARSHALL CLERK CIRCUIT COURT

_Joretta J. Mon_ ____ DC



**Instrument Control Number**

004043

**Commonwealth of Virginia**

**Land Record Instruments**

**Cover Sheet - Form A**

[ILS VLR Cover Sheet Agent 1.0.66]

```
Doc ID:    000968980008 Type: DEE
Recorded: 03/14/2005 at 12:43:44 PM
Fee Amt: $85.33 Page 1 of 8
Albemarle County, VA
Shelby Marshall Clerk Circuit Court
File# 2005-00004043
BK 2937 PG 415-422
```

|   |   |   |   |   |
|---|---|---|---|---|
| **T A X   E X E M P T** | **C O R P** | Date of Instrument: | [3/10/2005    ] |   |
|   |   | Instrument Type: | [RFDT          ] |   |
|   |   | Number of Parcels | {      1] |   |
|   |   | Number of Pages | {      7] |   |
|   |   | City ☐ County ☒ | [Albemarle County          ] | (Box for Deed Stamp Only) |

**First and Second Grantors**

| Last Name | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|
| [STARKS          ] | [LEWIS          ] | [J          ] | [MR          ] |
| [STARKS          ] | [SHIRLIE          ] | [A          ] | [MS          ] |

**First and Second Grantees**

| Last Name | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|
| [ROBINSON          ] | [ALONZO          ] | [D          ] | [MR          ] |
| [          ] | [          ] | [          ] | [          ] |

| | | |
|---|---|---|
| Grantee Address | (Name) | [ALONZO D. ROBINSON          ] |
|   | (Address 1) | [5262 OAKLAWN BLVD          ] |
|   | (Address 2) | [          ] |
|   | (City, State, Zip) | [HOPEWELL          ] [VA ] [23860 ] |

Consideration [176,101.39      ] Existing Debt [160,157.04      ] Assumption Balance [0.00          ]

| | | |
|---|---|---|
| Prior Instr. Recorded at: City ☐ County ☒ | [Albemarle County          ] | Percent. in this Juris. [    100] |
| Book    [2709  ] | Page          [583    ] | Instr. No  [          ] |
| Parcel Identification No (PIN) | [128-25E          ] | |
| Tax Map Num.    (if different than PIN) | [128-25E          ] | |
| Short Property Description | [LOCATED IN THE COUNTY OF ALBEMARLE, VIRGINIA CONT ] | |
|   | [2.106 ACRES, MORE OR LESS          ] | |
| Current Property Address (Address 1) | [8811 POCKET LN          ] | |
|   (Address 2) | [          ] | |
|   (City, State, Zip) | [ESMONT          ] [VA  ] [22937 ] | |

| | | |
|---|---|---|
| Instrument Prepared by | [BENEFICIAL MORTGAGE CO OF VIRG          ] |
| Recording Paid for by | [BENEFICIAL MORTGAGE CO OF VIRGINIA          ] |
| Return Recording to   (Name) | [HOUSEHOLD          ] |
|   (Address 1) | [PO BOX 8626          ] |
|   (Address 2) | [          ] |
|   (City, State, Zip) | [ELMHURST          ] [IL  ] [60126 ] |
| Customer Case ID | [          ] [          ] [          ] |

**Cover Sheet Page # 1 of 1**

Instrument Control Number

006666

# Commonwealth of Virginia

Land Record Instruments

Cover Sheet - Form A

[ILS Cover Sheet Agent Online Version 2.3.1.27]

Doc ID: 032932820004 Type: DEE
Recorded: 07/14/2014 at 01:59:55 PM
Fee Amt: $21.00 Page 1 of 4
Albemarle County, VA
Debra M. Shipp Ciruit Clerk
File# 2014-00006666
BK 4513 PG 151-154

(Box for Deed Stamp Only)

**TAX EXEMPT**

**CORP**

| Date of Instrument | [ 07/08/2014 ] |
|---|---|
| Instrument Type | [ ASGMT ] |
| Number of Parcels | [ 1 ] |
| Number of Pages | [ 2 ] |

City ☐  County ☒  [ Albemarle County ]

**First and Second Grantors**

| | Last Name | First Name | Middle Name | Suffix |
|---|---|---|---|---|
| ☐☒ | [ BENEFICIAL FINANCIAL I INCORPORATED | | ] [ | ] [ ] |
| ☐☐ | [ STARKS ] | [ LEWIS ] | [ J ] [ | ] [ ] |

**First and Second Grantees**

| | Last Name | First Name | Middle Name | Suffix |
|---|---|---|---|---|
| ☐☒ | [ U.S. BANK TRUST NATIONAL ASSOCIATION | | ] [ | ] [ ] |
| ☐☒ | [ LSF8 MASTER PARTICIPATION TRUST | | ] [ | ] [ ] |

| Grantee Address | (Name) | [ U.S. BANK TRUST NATIONAL ASSOCIATION ] |
|---|---|---|
| | (Address 1) | [ 13801 WIRELESS WAY ] |
| | (Address 2) | [ ] |
| | (City, State, Zip) | [ OKLAHOMA CITY ] [ OK ] [ 73134 ] |
| Consideration | [ 0.00 ] | Existing Debt [ 0.00 ] Assumption Balance [ 0.00 ] |

| Prior Instr. Recorded at: City ☐ County ☒ [ Albemarle County ] | Percent. in this Juris.(%) [ 100 ] |
|---|---|
| Book [ 2937 ] Page [ 415 ] Instr. No [ 200500004043 ] | |

Parcel Identification No (PIN) [ 12825E ]
Tax Map Num. (if different than PIN) [ 12825E ]
Short Property Description [ CONTAINING 2.106 ACRES MORE OR LESS PARCEL E ]

| Current Property Addr. | (Address 1) | [ 8811 POCKET LANE ] |
|---|---|---|
| | (Address 2) | [ ] |
| | (City, State, Zip) | [ ESMONT ] [ VA ] [ 22937 ] |

| Instrument Prepared by | [ DAJAHNA LLOYD ] |
|---|---|
| Recording Paid for by | [ MCCABE, WEISBERG & CONWAY ] |
| Return Recording to (Name) | [ MCCABE, WEISBERG & CONWAY ] |
| (Address 1) | [ 312 MARSHALL AVENUE ] |
| (Address 2) | [ SUITE 800 ] |
| (City, State, Zip) | [ LAUREL ] [ MD ] [ 20707 ] |
| Customer Case ID | [ 2013-41526 ] [ ] [ CS-900214 ] |

Cover Sheet Page # 1 of 2

Instrument Control Number

[                    ]

# Commonwealth of Virginia

## Land Record Instruments

## Cover Sheet - Form B

[ILS Cover Sheet Agent Online Version 2.3.1.27

| T A X   E X E M P T | G R A N T O R | G R A N T E E | C O R P | | | |
|---|---|---|---|---|---|---|
| | | | | Date of Instrument | [ 07/08/2014      ] | |
| | | | | Instrument Type | [ ASGMT         ] | |
| | | | | Number of Parcels | [ 1      ] | |
| | | | | Number of Pages | [ 2      ] | |

City ☐   County ☒   [ Albemarle County                    ]

(Box for Deed Stamp Only)

Grantors/Grantees/Parcels Continuation Form B

| | Last Name | First Name | Middle Name | Suffix |
|---|---|---|---|---|
| ☐☒☐☐ | [ STARKS           ] | [ SHIRLIE          ] | [ A                 ] | [ ] |
| ☐☐☐☐ | [ | ] [ | ] [ | ] [ ] |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | | | | |
| ☐☐☐☐ | [ | ] [ | ] [ | ] [ ] |

Prior Instr. Recorded at: City ☐   County ☒   [                    ] Percent. in this Juris.(%)  [          ]
Book [          ] Page [          ] Instr. No [                    ]
Parcel Identification No (PIN)          [                    ]
Tax Map Num. (if different than PIN)   [                    ]
Short Property Description             [                    ]

Current Property Addr.  (Address 1)   [                    ]
                        (Address 2)   [                    ]
                        (City, State, Zip) [                    ] [     ] [          ]

Cover Sheet Page # 2 of 2

RECORDING REQUESTED BY AND WHEN RECORDED RETURN TO:
CALIBER HOME LOANS
13801 Wireless Way
Oklahoma City, OK  73134

| Prepared By: | **Lena Boghossian** | Loan Number: | ███████ |
| MERS Min: | ████████████ | | |
| Parcel ID:: | **128-25E** | | |

Space Above This Line For Recorder's Use

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

FOR VALUE RECEIVED, the undersigned **BENEFICIAL FINANCIAL I INC., SUCCESSOR BY MERGER TO BENEFICIAL MORTGAGE CO. OF VIRGINIA** whose address is **636 GRAND REGENCY BLVD., BRANDON, FL  33510**, hereby grants, assigns and transfers to **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST** whose address is **13801 WIRELESS WAY, OKLAHOMA CITY, OK  73134** all beneficial interest under that certain mortgage/Deed of Trust/Security Deed dated **03/09/2005** executed by **LEWIS J STARKS and SHIRLIE A STARKS** to **ALONZO D ROBINSON AS TRUSTEE FOR BENEFIT OF BENEFICIAL MORTGAGE CO. OF VIRGINIA** in the amount of **$176,101.39** and recorded on **3/14/2005** as Instrument # **2005-00004043**, in Book/Volume or Liber No. **2937** , Page/folio **415** of Official Records in the County Recorder's office of **ALBEMARLE** County, VA, describing land herein as: **'SEE ATTACHED 'EXHIBIT A'**

Property Address:    **8811 POCKET LANE, ESMONT VA  22937**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said mortgage/Deed of Trust/Security Deed.

**BENEFICIAL FINANCIAL I INC., SUCCESSOR BY MERGER TO BENEFICIAL MORTGAGE CO. OF VIRGINIA, BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT**

Witness #1  _Breanna Gravitt_

Witness #2  _Eva Torres_

By:  _Jason Adams_
Title:  _Ass't Vice President_

County of San Diego )
State of California )

On _June_        _27_ , _2014_ before me, _Lydia Sarah Rodriguez_ Notary Public, personally appeared, _Jason Adams_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

# EXHIBIT A

# LEGAL DESCRIPTION

ALL THAT CERTAIN LOT OR PARCEL OF LAND, WITH IMPROVEMENTS
THEREON AND APPURTENANCES THERETO BELONGING, LOCATED IN THE
COUNTY OF ALBEMARLE, VIRGINIA, CONTAINING 2.106 ACRES, MORE
OR LESS, AND MORE PARTICULARLY SHOWN AND DESCRIBED AS PARCEL
E ON PLAT OF ROBERT L. LUM, CLS, DATED MAY 30, 1995, WHICH
PLAT IS ATTACHED TO AND MADE A PART OF THIS DEED, TOGETHER
WITH, AND AS AN APPURTENANCE THEREON, A NON-EXLUSIVE
EASEMENT OF RIGHT-OF-WAY, 30' IN WIDTH, RUNNING FROM THE
NORTHERLY BOUNDARY OF SAID PARCEL E IN A NORTHEASTERLY
DIRECTION OVER AND ACROSS THE RESIDUE OF GRANTOR'S PROPERTY
TO THE NORTHERLY BOUNDARY THEREOF, AND THENCE, IN A
GENERALLY NORTHERLY DIRECTION FROM SAID NORTHERLY BOUNDARY
APPROXIMATELY 140' TO STATE ROUTE 703, THE LOCATION OF WHICH
EASEMENT OF RIGHT-OF-WAY IS DESCRIBED BY METES AND BOUNDS ON
PLAT OF RECORD IN THE OFFICE OF THE CLERK OF THE CIRCUIT
COURT OF SAID COUNTY IN DEED BOOK 644, PAGE 357, THE PORTION
OF SAID PARCEL E DESIGNATED AS 'B' BEING A PORTION OF THE
PROPERTY CONVEYED TO LEWIS JOSEPH STARKS (ALSO KNOWN AS
LEWIS J. STARKS) BY DEED OF JOHN RUSH, WIDOWER, DATED

NOVEMBER 18, 1942, AND OF RECORD IN SAID CLERK'S OFFICE IN
DEED BOOK 255, PAGE 531, AND THE REMAINDER OF SAID PARCEL E
BEING A PORTION OF THE 35 ACRE PARCEL OF PROPERTY CONVEYED
TO FLORA RUSH BY DEED OF FANNIE MARTIN AND OTHERS, DATED
FEBRUARY 15, 1903, AND OF RECORD IN SAID CLERK'S OFFICE IN
DEED BOOK 127, PAGE 34; AND BEING THE SAME PROPERTY IN ALL
RESPECTS CONVEYED TO THE LEWIS J. STARKS, JR. BY DEED OF
GIFT FROM MARY V. STARKS, A WIDOW, DATED NOVEMBER 2, 1995,
AND RECORDED NOVEMBER 15, 1995 IN THE CLERKS OFFICE FOR THE
CIRCUIT COURT OF ALBEMARLE COUNTY, VIRGINIA IN DEED BOOK
1503, PAGE 579.   TAX MAP OR PARCEL ID NO.: 128-25E

THE LENDER HEREBY CERTIFIES THIS TO BE A REFINANCE OF AN
EXISTING LIEN WITH THE SAME LENDER RECORDED IN DEED BOOK
2709, AT PAGE 583, UPON WHICH RECORDATION TAX HAS BEEN PAID;
THE ORIGINAL DEBT ON SAID OBLIGATION IS $160157.04.
EXEMPTION FROM RECORDATION TAX UPON THE UNPAID PORTION OF
THE ORIGINAL OBLIGATION IS HEREBY CLAIMED UNDER SECTION
58.1-803(D) OF THE 1950 CODE OF VIRGINIA.

RECORDED IN CLERK'S OFFICE OF
ALBEMARLE ON
JULY 14, 2014 at 1:59:55 PM
AS REQUIRED BY VA CODE §58.1-802
STATE: $0.00   LOCAL: $0.00
ALBEMARLE COUNTY, VA
DEBRA M SHIPP CIRUIT CLERK
                                    DC

Albemarle County, VA
Debra M. Shipp Ciruit Clerk
501 East Jefferson St.
Charlottesville, VA 22902
Phone Number: (434)972-4083
Fax Number: (434)293-0298

Official Receipt: 2014-00009442
Printed on 07/14/2014 at 02:00:46 PM
By: 11 on CIRCOURT 005490
        INDECOMM GLOBAL SERVICES
        Date Recorded: 07/14/2014

Instrument ID    Recorded Time          Amount
Bk 4513 Pg 151/    01:59:55 PM          $21.00

File No. 2014-00006666
ASGMT- ASSIGNMENT (DEEDS)
GRANTOR:BENEFICIAL FINANCIAL I
    INCORPORATED EX:N
GRANTEE:U.S. BANK TRUST NATIONAL
    ASSOCIATION EX:N
Address1:13801 WIRELESS WAY
Address2:
City/State/Zip:OKLAHOMA CITY OK
    73134
CONTAINING 2.106 ACRES MORE OR LES...
Consideration:
Assumption:
Locality:CO                    Percent:100.00%
Pages:2

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 1 of 3)

**LENDER (called "We", "Us", "Our")**
BENEFICIAL MORTGAGE CO. OF VIRGINIA
460 SHOPPERS WORLD CT
SHOPPERS WORLD
CHARLOTTESVIL VA 22901

**BORROWERS (called "You", "Your")**          LOAN NO:
STARKS, LEWIS J

STARKS, SHIRLIE A

8811 POCKET LANE
ESMONT VA 22937

| DATE OF LOAN | FIRST PAYMENT DUE DATE | OTHERS SAME DAY OF EACH MONTH | FINAL PAYMENT DUE DATE | | CONTRACT RATE (per year) |
|---|---|---|---|---|---|
| 03/09/2005 | 04/09/2005 | | 03/09/2025 | | 8.385 % |
| | AMOUNT FINANCED $ 175,169.27 | PRINCIPAL $ 176,101.39 | | | |
| | SCHEDULED INTEREST $ 187,604.21 | CLOSING FEE $ 150.00 | | | |
| LIFE INS PREMIUM $ 126.25 Monthly | DISABILITY INS PREMIUM $ NONE | IUI PREMIUM NONE | | | |
| RELI INS PREMIUM $ NONE | | | | | |
| | | | | ORIGINATION FEE/POINTS $ 782.12 | |
| FIRST INSTALLMENT $ 1,641.69 | MONTHLY INSTALLMENT $ 1,641.69 | | TERM PERIOD 240 | | |
| | | | | | PREPAYMENT PENALTY YES |

YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT THE ABOVE ADDRESS.

---

REQUIRED INSURANCE. You must obtain insurance for term of loan covering security for this loan as indicated by the word "YES" below, naming us as Loss Payee:

YES     Title insurance on real estate security.

YES     Hazard insurance on real estate security.

Physical damage insurance on vehicle listed under "Security" above if "Y" appears under "Insured".

Physical damage insurance on other property listed under "Security" above if "Y" appears under "Insured".

You may obtain any required insurance from anyone you choose and may assign any other policy of insurance you own to cover the security for this loan.

(See "Security" paragraph above for description of security to be insured.)

### NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.

09-29-03 RE SI 1ST
OPT PPP NO PRR

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 2 of 3)

PAYMENT. In return for your loan described below, you agree to pay us, the Principal plus Interest and any monthly insurance premium, if elected, computed at the Contract Rate shown on page one. Principal is Amount Financed, plus Points and Closing Fee. The term Points means the Origination Fee (Points) shown on page one. You shall pay us monthly payments, at our business address or other address given you. If more than one Borrower is named on page one, we may enforce this Contract against all, or any Borrowers, but not in a combined amount greater than the amount owed. Payments are applied in the following order: late charges, interest at the Contract Rate for the actual time outstanding, principal, and insurance. For any past due amounts, payments will be applied to the most delinquent monthly installment first, in the same order shown above, until all past due monthly installments are paid in full.

DATE ON WHICH INTEREST BEGINS. If you do not cancel this loan, the date on which Interest begins, payment dates, and effective date of insurance purchased are postponed by the number of days from this contract's date to date you receive this loan.

PAY-OUTS. You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

PREPAYMENT. Subject to the Prepayment Penalty decribed below, you may prepay any or all of your loan at any time. In any event, if you fully pay before the final payment due date, the amount you owe will be reduced by unearned credit insurance charges, if any. If you prepay before the final due date, Points and Closing Fee are fully earned when this loan is made and you will not receive a refund of that part of the Finance Charge consisting of Points and Closing Fee.

PREPAYMENT PENALTY. If "YES" is printed in the Prepayment Penalty box on page one of this Agreement, you agree to the following penalty. If you prepay in full within two (2) years of the date of this loan shown on page one, you agree to pay a Prepayment Penalty as follows: (i) if the Deed of Trust securing this loan creates a first lien on real property that represents your principal dwelling then you will pay a penalty equal to two percent (2%) of the amount of the prepayment; (ii) if the Deed of Trust does not cover your principal dwelling and the original amount financed of the loan was less than $75,000 you will pay a penalty equal to one percent (1%) of the unpaid balance; or (iii) if the Deed of Trust does not cover your principal dwelling and the original amount financed of the loan was $75,000 or more, then you will pay a penalty equal to two percent (2%) of the unpaid balance. No Prepayment Penalty will be imposed (a) if this loan is refinanced by another loan with us; (b) after two (2) years; (c) if the loan is prepaid from the proceeds of any insurance; or (d) if we sue you.

BAD CHECK CHARGE. We will charge you a fee of $10 if any payment check is returned because of insufficient funds or is otherwise dishonored. You agree that we may deduct this charge from a monthly payment.

LATE CHARGE. If you do not pay the Monthly Installment within 7 calendar days of the Due Date we will charge you a late charge. The late charge is 5% of the Monthly Installment.

DEFAULT. If you fail to make any payment within 30 days after it becomes due or fail to comply with the terms of the Deed of Trust, we may require that you pay us, at once and without prior notice or demand, the entire unpaid balance of the Actual Amount of Loan plus accrued interest and any applicable Late Charges.

SECURITY. You are giving us a mortgage on your real estate, located at your address unless a different address is stated. You agree to give us a security interest in the real estate as described in Mortgage/Deed of Trust.

PROPERTY INSURANCE:

A. YOUR OBLIGATION TO INSURE. You shall keep the structures located on the real property securing this loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is cancelled or expires while the loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below.

B. LENDER'S RIGHT TO PLACE HAZARD INSURANCE. You authorize us, at our option, to obtain coverage on the Property in an amount not greater than the outstanding balance of principal and interest on the loan or, if known to be less, the replacement value of the Property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance and add the insurance charges to your loan.

### NOTICE:  THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.

09-29-03 RE SI 1ST MTG
OPT PPP NO PRR

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 3 of 3)

The Insurance charges will be added to the unpaid balance of the loan which accrues interest at the Contract Rate. The addition of the insurance charges due might increase the amount of your final installment. The cost of Lender placed hazard insurance might be higher than the cost of standard insurance protecting the property. The Lender placed insurance will not insure the contents of the property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit (e.g. commissions, service fees, expense reimbursements, etc.), from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

CREDIT REPORTING AND CUSTOMER INFORMATION PRACTICES. If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you. You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by Applicable Law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents.

INSURANCE. Optional credit insurance and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS. The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

APPLICABLE LAW. This agreement is governed by Virginia Law unless superseded by Federal Law. This loan is made at an agreed rate authorized by Federal Law Section 501(a), Part A, Title V, Public Law 96-221, also known as Section 1735f-7(a), Title 12, United States Code (USC).

YOU MAY BE ENTITLED UNDER THE LAWS OF VIRGINIA TO CLAIM A HOMESTEAD EXEMPTION. BY EXECUTING THE LOAN AGREEMENT, YOU HAVE WAIVED, TO THE EXTENT PERMITTED BY LAW, YOUR EXEMPTION AS TO THE OBLIGATION CREATED BY THE LOAN AGREEMENT AND YOUR RIGHT TO CLAIM THAT THE HOMESTEAD EXEMPTION APPLIES TO ANY PROPERTY IN WHICH YOU CAN GRANT US A SECURITY INTEREST.

**YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.**

BORROWERS:

_____(SEAL)

_____(SEAL)

_____(SEAL)

WITNESS:

_____

# ALLONGE TO NOTE

| | |
|---|---|
| Account Number: | ████████ |
| Allonge to Note Dated: | **03/09/2005** |
| And Executed by: | **LEWIS J STARKS** |
| | **SHIRLIE A STARKS** |
| Property Address: | **8811 POCKET LANE** |
| | **ESMONT, VA  22937** |
| Loan Amount: | **$176,101.39** |
| Pay to the order of: | **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST** |
| Without recourse: | **BENEFICIAL FINANCIAL I INC., SUCCESSOR BY MERGER TO BENEFICIAL MORTGAGE CO. OF VIRGINIA, BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT** |
| By: | Jason Adams |
| Title: | Ass't Vice President |

# ALLONGE TO NOTE

| | |
|---|---|
| Account Number: | ████████ |
| Allonge to Note Dated: | **03/09/2005** |
| And Executed by: | **LEWIS J STARKS** |
| | **SHIRLIE A STARKS** |
| Property Address: | **8811 POCKET LANE** |
| | **ESMONT, VA  22937** |
| Loan Amount: | **$176,101.39** |
| Pay to the order of: | _____ |

Without recourse:    **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8
MASTER PARTICIPATION TRUST, BY CALIBER
HOME LOANS, INC., AS ITS ATTORNEY IN FACT**

By:    Jason Adams

Title:    Ass't Vice President