**MILLER LAW GROUP, PC**

1160 Pepsi Place
Jordan Building, Suite 341
Charlottesville, VA 22901

tel 434-974-9776
fax 434-974-6773
www.millerlawgrouppc.com

November 20, 2015

United States Bankruptcy Court
Western District of Virginia
Electronic Notice

Herbert L. Beskin, Trustee
Electronic Notice and Email

RE: 15-60209 Lewis Joseph Starks and Shirlie Ann Cofield-Starks
Motion to Incur Debt Docket entry 71 and Order Continuing Matter Docket Entry 80

I was directed by the Order Continuing the Matter to address why to the best of my knowledge the loan modification is $206,547.76 and the amount on the schedules for the estimated debt owed on the property was listed as $176,101.00 at the time of filing. Also, to address the loan modification contemplated upon our office before proceeding with this case.

Please understand this is a case we took over and a lot of work went into this case to confirm it and to approve the loan modification by the lender. The Chapter 13 case was filed by the Debtors in February 2015. When we met with the Debtors to assist them with their case in late March of 2015, the only balance we had available to us when preparing their schedules was from their credit report, which gave us the last activity reported on the loan in February 2015, and showed a high amount owed of $176,101.00. This is the amount we listed on Schedule D.

On the breakdown of the $206,547.76 in our Motion to Incur for the loan modification I would like to ask that you please look at the Exhibit to our motion to incur (Please see copy of the attached Modification Agreement) that state:

| | |
|---|---|
| Unpaid Principal: | $152,711.52 |
| Unpaid Interest: | $34,472.95 |
| Other Unpaid Amounts: | $19,363.29 |
| Total: | $206,547.76 |

The lender provides a clear breakdown of the amounts owed on the mortgage.

Please remember during filing this case our clients were about $52,000 behind, which is about 3 years of pre-petition mortgage arrears. In these 3 years of pre-petition arrears you will have taxes, insurance, late fees, collection cost and foreclosure fees. These expenses would cost a sizable escrow shortage and additional service fees.

I now would like to direct your attention to the POC filed by the lender. If you look at pages 21 and 22 of the proof of claim you will see a further breakdown of the "Other Unpaid Amounts".

The main reason for the differences in the loan modification amount and scheduled amount is the clients were over 3 years behind on their mortgage during filing of their case. I hope this addresses your concern regarding the difference in the scheduled amount and the loan modification amount.

As for the concern about the timing of the loan modification, and whether or not we disclosed the processing of such modification, I will attempt to address that concern. The case was originally filed as Pro Se' so the debtors could try to save their home. Both debtors, 76 and 74 years old, believed based on their discussion with the Court and the Trustee they needed assistance to process their case. Upon retaining our office to assist them with processing their case and reviewing their situation; we determined the only way they were going to feasibly afford to keep their house was if we could get them a loan modification. Prior to the modification their loan payment was $1,515.44. We prepared and filed a loan modification with the mortgage company in March 2015. In our filed Chapter 13 Plan dated May 1, 2015 under section 5A we disclosed:

*"SEE SECTION 11C NOTE: Debtor is obtaining a loan modification and all arrears will be addressed under the modification. No arrears payments to be made by the Trustee."*

When we filed the plan we had no loan modification but we knew the only feasible way this case would work is if we could obtain a loan modification with a monthly mortgage payment of approximately $750.00 per month. We also had language in our chapter 13 plan that stated *"If the loan is not modified then the Debtor(s) intend to surrender the house."* This was information disclosed to the court, to the Trustee and to all creditors. The current loan modification before the court comes close to our anticipated budgeted amount for their monthly mortgage payment. The loan modification terms state the total monthly payment of $764.53.

I hope this will address the Court and the Trustee's concerns.

Respectfully,

*[signature: Melvin Burruss]*

Melvin A. Burruss, Esq.

**MILLER LAW GROUP, PC**

Miller Law Group, P.C.
1160 Pepsi Place
Jordan Building, Suite 341
Charlottesville, VA 22901
melvin@millerlawgrouppc.com
434-974-9776
434-974-6773 fax